JUAN MANUEL RIVERA, Plaintiff and Appellant, v. R. RUIZ & Co. ET AL., Defendants and Appellees.

No. 6427. Argued December 5, 1934.—Decided July 11, 1935.

E. Martínez Avilés for appellant.   Angel A. Vázquez for appellees.

Mr. Justice Aldrey delivered the opinion of the court.

The mercantile partnership R. Ruiz & Co., of San Juan, attached certain merchandise that Francisco Rivera had in the town of Morovis. Juan Manuel Rivera claimed said merchandise as his own in a complaint in intervention, and the judgment rendered was adverse to him. Thereupon he took the present appeal.

We have little to say about the ground assigned by the appellant, to the effect that the evidence was erroneously weighed by the court below.

The intervener, Juan Manuel Rivera, attempted to prove by the testimony of himself, of his brother Francisco Rivera, of the latter's wife, Dolores Vázquez, and of the plaintiff's daughter, that the merchandise attached in the shop of Francisco Rivera belonged to the intervener, as he had delivered $400 to Dolores Vázquez for the purchase of the same; and by the testimony of an employee of another firm, that the latter had opened an account in the name of Juan Manuel Rivera, although they did not know him, as he was introduced by Dolores Vázquez. A document showing that the store was in the name of Juan Manuel Rivera was also admitted in evidence.

The defendant R. Ruiz & Co. presented evidence tending to show that Francisco Rivera was the person who managed the shop; that the merchandise attached was marked R. Ruiz & Co.; that when the attachment began to be levied, Francisco Rivera offered to one of the persons who had requested it that if the levy of the attachment was discontinued he was willing to pay 25 per cent of the account; that at no time did Francisco Rivera or his wife Dolores Vázquez state, while the attachment was being levied, that the shop belonged to Juan Manuel Rivera; and that when Juan Manuel Rivera was advised of the fact that the shop was in his name, he said that never before had he been informed of such a thing.

The conflict in the evidence was decided against the intervener by the lower court, and we see no reason to conclude

that that court committed any error in weighing such evi-dence and in deciding said conflict.

The evidence for R. Ruiz & Co. tended to show that Juan Manuel Rivera was not the owner of the merchandise, as he alleged in the complaint, and we fail to see that there was any error in admitting such evidence.

The judgment appealed from must be affirmed.